UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BARRY RAYMOND TREMAIN,<br><br>Defendant. | NO. CR24-133-JNW<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for a Preliminary Order of Forfeiture ("Motion") seeking to forfeit, to the United States, Defendant Barry Raymond Tremain's interest in the following property, ("Subject Property"):

1. One Sig Sauer 9mm caliber handgun, bearing serial number 66F243573;
2. One Ruger .44 revolver, bearing serial number 55016539; and
3. Any associated magazines, accessories or ammunition.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS that entry of a Preliminary Order of Forfeiture is appropriate because:

Preliminary Order of Forfeiture - 1
*United States v. Tremain,* CR24-133-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- The Subject Property is forfeitable pursuant to 21 U.S.C. § 853(a), as property constituting or traceable to proceeds of, or as property facilitating the Defendant's commission of *Possession of Controlled Substances with Intent to Distribute*, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C);

- The Subject Property is forfeitable pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c), as firearms and ammunition involved in the Defendant's commission of *Unlawful Possession of a Firearm*, in violation of 18 U.S.C. § 922(g)(1);

- Pursuant to the Plea Agreement he entered on February 18, 2025, the Defendant agreed to forfeit the Subject Property pursuant 21 U.S.C. § 853(a) and 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c). Dkt. No. 22, ¶ 12.

NOW, THEREFORE, THE COURT ORDERS:

1. Pursuant to 21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c), and his Plea Agreement, the Defendant's interest in the Subject Property is fully and finally forfeited, in its entirety, to the United States;

2. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Preliminary Order will be final as to the Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3. The United States Department of Justice, the Federal Bureau of Investigation, and/or their authorized agents or representatives, shall maintain the Subject Property in its custody and control until further order of this Court;

4. Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the property as permitted by governing law. The notice shall be posted on an official government website—www.forfeiture.gov—for at least thirty (30) days. For any person

Preliminary Order of Forfeiture - 2
*United States v. Tremain,* CR24-133-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

known to have alleged an interest in the property, the United States shall also, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the Subject Property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a.    shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

    b.    shall be signed by the petitioner under penalty of perjury; and

    c.    shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5.    If no third-party petition is filed within the allowable time period, the United States shall have clear title to the property and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6.    If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues presented by that petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and

///

///

Preliminary Order of Forfeiture - 3
*United States v. Tremain,* CR24-133-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7. The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this 29th day of April, 2025.

_____
THE HON. JAMAL N. WHITEHEAD
UNITED STATES DISTRICT JUDGE

Presented by:

*s/Krista K. Bush*
KRISTA K. BUSH
Assistant United States Attorney
United States Attorney's Office
700 Stewart St., Suite 5220
Seattle, WA 98101
(206) 553-2242
Fax: 206-553-6934
Krista.Bush@usdoj.gov

Preliminary Order of Forfeiture - 4
*United States v. Tremain*, CR24-133-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970